FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 2 9 2002

[signature]
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DELPHI RESEARCH CORPORATION,

Plaintiff,

v.

Civ. No. 00-0487 RLP/WWD

JACOBS ENGINEERING GROUP, INC. and
JACOBS APPLIED TECHNOLOGY, INC.,

Defendants.

# MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendants' Motion to Dismiss or, Alternatively, For a More Definite Statement, brought pursuant to Fed.R.Civ.P. 12(b)(6) and 12(e). For the reasons set forth below, Defendants' Motion is denied.

On October 19, 2001 the parties filed a Stipulated Motion [Doc. 51], which dismissed some claims asserted in the First Amended Complaint [Doc. 40] and sought leave to file a Second Amended Complaint. The Second Amended Complaint, attached to that Stipulated Motion is the subject of Defendants' current motion.

Federal Rule of Civil Procedure 12(e) provides in pertinent part that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Motions filed pursuant to Rule 12(e) are disfavored by courts. *Classic Communications, Inc. v. Rural Tel. Serv. Co, Inc.*, 956 F. Supp. 910, 923 (D. Kan. 1997). "In a contract dispute, a more definite statement is required when defendants can only guess as to what conduct and contract(s)

73

[an] allegation refers." *555 M Manufacturing, Inc. v. Calvin Klein, Inc.*, 13 F.Supp.2d 719, 724 (N.D. Ill. 1998) (internal quotation marks and citation omitted); *see also Pillsbury v. Blumenthal*, 272 P.2d 326, 328 (N.M. 1954).

Nowhere in its briefs do Defendants allege they are unable to respond to the allegations made by Plaintiff. Thus, their reliance on *Seous v. E.F. Hutton & Co.*, 720 F. Supp. 671 (N.D. Ill. 1989) is misplaced. In that case, the allegations did not indicate which defendants had committed what conduct: they were left to guess about their actions. *Id.* at 686. In this case, Defendants are in reality arguing that Plaintiff's allegations are not specific enough. Rule 12(e) is "designed to strike at unintelligibility rather than want of detail." *Montagriff v. Adams County School District 14*, 128 F.R.D. 117-118 (D. Colo. 1989) (internal quotation marks and citation omitted).

Paragraph 10 of the Second Amended Complaint references the two subcontracts; paragraphs 11-18 list alleged requirements and factual allegations of what transpired; paragraph 19 alleges certain damages proximately caused by the alleged breach; paragraphs 20-33 lists events which contain allegations of claimed damages flowing from the Defendants' alleged failure to perform. Count I, entitled "Breach of Contract," paragraphs 34-44 sufficiently alleges the existence of one or more contracts, breach thereof, and damages proximately caused by the alleged breach.

It may be there is a dispute about whether one or two contracts were breached and the damages flowing therefrom, but those matters are more properly the subject of a summary judgment motion or trial. Further, the detail requested by Defendants, *i.e.*, the conduct giving rise to an alleged breach, the amount of damages caused thereby, and how

such damages are calculated are more properly the subject of discovery, not a Rule 12(e) motion. *Franklin v. Shelton*, 250 F.2d 92, 95 (10th Cir. 1957), *cert. denied*, 355 U.S. 959 (1958) (where plaintiff's allegations sufficiently allow defendant to file a responsive answer, any other information should be had from discovery and not pursuant to Fed.R.Civ.P. 12(e)).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendants' Motion to Dismiss or, Alternatively, For a More Definite Statement [Doc. 66] is denied.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)

FOR THE PLAINTIFF: Pete Domenici, Jr., Esq.

FOR THE DEFENDANTS: Steven G.M. Stein, Esq.
Victor R. Ortega, Esq.